ANNIE LOOMER

*v.*

NATHAN KLIEGMAN et al.

[Submitted and determined October 16th, 1913.]

The rule declared with respect to the issuing of writs of assistance in *Barton* v. *Beatty*, *28 N. J. Eq.* (*1 Stew.*) *412*, and in *Board of Home Missions* v. *Davis*, *70 N. J. Eq.* (*4 Robb.*) *577*, followed in this suit.

On bill to foreclose. Hearing on petition for writ of assistance.

*Mr. Henry S. Alvord,* for the complainant.

*Mr. Austin H. Swackhamer,* for the defendants.

LEAMING, V. C.

I am convinced that this court is powerless to extend to petitioner the relief here sought.

The present controversy clearly falls within the principles defined in *Barton* v. *Beatty*, *28 N. J. Eq.* (*1 Stew.*) *412*, and *Board of Home Missions* v. *Davis*, *70 N. J. Eq.* (*4 Robb.*) *577*.

The evidence in behalf of the defendant named in the petition is clearly sufficient, standing alone, to make out a *prima facie* case of right of possession in him extending to the end of the present year by reason of the payment of rent by him to petitioner for that purpose subsequent to the sale; in consequence a well-defined and material issue is presented whether the person now in possession has a right to hold the land by reason of matter arising subsequent to the sale. That issue is surrounded by such doubt that its trial must be by another tribunal; its trial forms no part of the jurisdiction exercised by this court in awarding writs of possession.

The same principles obtain in an effort to give effect to or enforce the subsequent engagement to vacate on payment of an agreed amount.

I am obliged to deny the prayer of the petitioner, but without costs.